No. 24-1001

# In the
# United States Court of Appeals For the Fourth Circuit

IN RE: ROBERT PAUL SHARPE,
*Petitioner*.

Petition for Writ of Mandamus to the
United States Bankruptcy Court for the
Eastern District of North Carolina
*Eastham v. Port City Contracting Services, Inc.*, No. 23-89-5

## SUPPLEMENTAL BRIEF OF PETITIONER

Kevin S. Elliker
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8656
kelliker@hunton.com

*Court-appointed Counsel for Petitioner*

May 27, 2024

# TABLE OF CONTENTS

**Page**

Table of Authorities.................................................................................ii

Introduction............................................................................................1

Background..............................................................................................2

Argument.................................................................................................5

I.    The tactical vacatur of an unconstitutional order does not moot a petition for mandamus. .......................................................................5

II.   This case falls within the "capable of repetition yet evading review" exception to mootness. ...................................................................7

Conclusion ...............................................................................................8

Certificate of Compliance......................................................................10

Certificate of Service .............................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Elrod v. Burns*, 427 U.S. 347 (1976) .........................................................8

*In re Murphy Brown, LLC*, 907 F.3d 788 (4th Cir. 2018)................5, 6, 8

## **INTRODUCTION**

Petitioner Robert Paul Sharpe submits this supplemental brief in response to the Court's request for briefing on whether his mandamus petition is now moot in light of the Bankruptcy Court's decision to dissolve the Gag Order. It isn't.

Since Sharpe filed his *pro se* petition in January 2024, the facts and legal issues haven't changed. The constitutional injury hasn't gone away. What has changed—conveniently—is Respondents' position. After defending the Gag Order as lawful and necessary, Respondents reversed course and urged the Bankruptcy Court to vacate it. They did not do that because they reconsidered the Gag Order's legality, but because this Court began to take a closer look. That sort of maneuver should not defeat judicial review. And under settled doctrine, it doesn't.

This case still presents a question of extraordinary importance: whether a federal court may issue a sweeping prior restraint on a litigant's speech based on nothing more than untested allegations of defamation. That question remains ripe, urgent, and reviewable. The Court should reject any suggestion of mootness, proceed to the merits, and grant the writ.

## BACKGROUND

After more than a year of litigation marked by Respondents' repeated efforts to suppress Petitioner's speech, the Bankruptcy Court entered a sweeping Gag Order that categorically barred Petitioner from making public statements about the litigation, Respondents, or any related business matters. *See* Dkt. 50 ("Br.") at 2–11. As detailed in Petitioner's brief, the Gag Order and the provision of the Preliminary Restraining Order on which it was premised were overbroad, vague, and inarguably unconstitutional. *Id.* at 22–33.[1]

Petitioner filed his *pro se* petition for a writ of mandamus on January 2, 2024. Dkt. 2. This Court ordered Respondents to respond, and they *defended* the Gag Order as both acceptable under the First Amendment and "[t]he only way the Bankruptcy Court could enforce the provisions set forth in" the Preliminary Restraining Order. Dkt. 13-1 at 22–24. But after this Court appointed undersigned counsel in June 2024

---

[1] Indeed, after the Court ordered formal briefing on the petition, Respondents did not even file a brief to defend their efforts to silence Petitioner through the Preliminary Restraining Order and Gag Order. Given that failure, Respondents have forfeited their right to be heard at oral argument in this Court. *See* Fed. R. App. P. 31(c).

to permit "formal briefing and oral argument" on the petition, Dkt. 24, Respondents rushed to the Bankruptcy Court and asked it to vacate the Gag Order. Their goal was expressly to "render that writ of mandamus moot." JA222. The Bankruptcy Court obliged their request and set aside the Gag Order. JA257. Notably, the Bankruptcy Court did not address the constitutionally of the Gag Order, and it expressly left the Preliminary Restraining Order on which it was premised intact, inviting the state court on remand to "enforce or reconsider" that order at a later time. JA257–59.

Although it has been more than a year since Petitioner filed his *pro se* mandamus petition, the underlying bankruptcy proceeding remains active. *See In re Port City Contracting Servs.*, No. 22-02917-5-DMW (E.D.N.C. Bankr.).[2] Mr. Sharpe also recently filed a second petition for a

---

[2] Sharpe has several *pro se* appeals pending before this Court springing from disputes related to the bankruptcy and the business dispute. Undersigned counsel does not represent Mr. Sharpe in those matters. *See Sharpe v. United States*, No. 24-1651 (appealing dismissal of claims against government related to whistleblower rights); *Sharpe v. DaVinci Co., LLC*, No. 24-1889 (appealing dismissal of challenge to approval of settlement between PCCS and creditor); *Eastham v. Sharpe*, No. 24-1944 (appealing order denying motion to withdraw reference of adversarial proceeding to the bankruptcy court); *Spark v. Sharpe*, No. 24-2027 (appealing bankruptcy court's order remanding adversarial proceeding to state court); *Sharpe v. Bircher*, No. 25-1086 (appealing

writ of mandamus, challenging a *sua sponte* order of the Bankruptcy Court directing the restriction of public access to certain filings based on the court's "finding that those filings are defamatory and not grounded in fact or law." Petition, *In re Robert Sharpe*, No. 25-1476, Dkt. 2 at 4 (filed Apr. 30, 2025) (quoting Bankruptcy Court's restriction order). Undersigned counsel does not represent Mr. Sharpe in that matter and has not been involved in the underlying bankruptcy proceedings. But the continued proceedings in the Bankruptcy Court reflect that the legal and procedural posture of *this* case remain materially unchanged since the time of Petitioner's brief, filed several months ago.

---

dismissal of claims regarding whistleblower rights and retaliation); *Sharpe v. Spark*, No. 25-1087 (appealing dismissal of claims regarding whistleblower rights and retaliation); *Sharpe v. DaVinci Aerospace, LLC*, No. 25-1510 (appealing district court's denial of appeal from bankruptcy court).

## **ARGUMENT**

### I.  The tactical vacatur of an unconstitutional order does not moot a petition for mandamus.

When a federal court enters an order that restricts speech, especially one as sweeping as the Gag Order here, the Constitution does not look kindly on efforts to avoid appellate review after the fact. And neither does this Court.

Respondents defended the Gag Order until it became inconvenient. They waited until this Court appointed counsel, ordered briefing, and signaled a serious interest in the First Amendment issues. Then they rushed to the Bankruptcy Court and asked to vacate the very order they'd spent months justifying—explicitly so they could "render that writ of mandamus moot." JA222. That is not a neutral procedural development. It is gamesmanship. And under this Court's precedent, it doesn't work. *See generally* Br. at 34–35.

In *Murphy-Brown*, this Court faced an almost identical move. *See In re Murphy Brown, LLC*, 907 F.3d 788, 794 (4th Cir. 2018). In that case, a district court tried to withdraw a gag order after mandamus briefing had concluded and oral argument had been set. *See id.* The Court rejected that transparent attempt to defeat this Court's

jurisdiction. To allow otherwise would sanction an "endless game of cat and mouse" in which lower courts could insulate unconstitutional orders from review by vacating them after appellate intervention appeared imminent. *Id.* Because this Court's mandamus power "plainly extends to invalidating district court orders that threaten to undermine the very system of review that the All Writs Act protects," the district court's attempt to vacate the gag order under review could not "be allowed to moot the petition." *Id.*

What happened here is worse. In *Murphy-Brown*, the respondents asked the district court to "clarify, modify, or vacate" the offending order in a written motion before filing their brief in the case—then purported to defend the gag order in the Fourth Circuit as "clarified and modified to narrow its scope." *See* Br. of Resps. *In re Murphy-Brown, LLC*, No. 18-1762, Dkt. 40 at 2 (filed Aug. 17, 2018). After the district court then purported to vacate the gag order on the eve of oral argument, the respondents then moved to dismiss the mandamus. *See Murphy-Brown*, 907 F.3d at 793.

In this case, Respondents *defended* the Gag Order when the Court asked for their position. *See* Resps.' Answer to Pet., Dkt. 13-1, at 22–24

(filed Mar. 7, 2024). It would be months—after this Court signaled its interest in the merits by appointing counsel and ordering formal briefing—before Respondents changed their tune and asked the Bankruptcy Court to vacate the Gag Order. *See* JA222 (requesting vacatur of Gag Order at June 22, 2024 hearing). And they made no secret of why they wanted the Gag Order dissolved: to "render that writ of mandamus moot." *Id.* The Bankruptcy Court acted at that express request. *See* JA259. It offered no new legal rationale, no reconsideration of the First Amendment, no acknowledgment of constitutional concerns at all. It simply obliged Respondents' request to try and halt this proceeding. That maneuver, timed for strategic effect, does not strip the Court of jurisdiction and should be rejected. *See Murphy-Brown*, 907 F.3d at 794 (rejecting efforts to "pull the rug out from under the appellate court and the parties").

## II. This case falls within the "capable of repetition yet evading review" exception to mootness.

Even if the Court deemed vacatur procedurally proper, "ordinary application of mootness doctrine comfortably allows this [C]ourt to reach the merits." *Murphy-Brown*, 907 F.3d at 793. Sharpe remains a party in active litigation before the Bankruptcy Court. The Preliminary

Restraining Order—which includes a prior restraint on speech—remains in effect and may yet be enforced, once again, against Petitioner. The Bankruptcy Court's own order contemplates such subsequent enforcement. *See* JA259.

Petitioner therefore continues to face a credible threat of renewed censorship. Just as in *Murphy-Brown*, "[t]his sort of withdrawal risks a series of orders too short to be reviewed but too damaging to be ignored." 907 F.3d at 795. As a result, the Gag Order is "capable of repetition yet evading review." *Id.* This is particularly problematic in the First Amendment context, where "the loss of ... freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

## CONCLUSION

Nothing material has changed since Robert Sharpe filed his *pro se* petition—except Respondents' approach to avoid review. The legal question remains the same, and it deserves an answer. The Court should not allow a strategic vacatur to deprive a litigant of his right to challenge an unconstitutional order, especially where the consequences fall on speech at the heart of the First Amendment. The Court should proceed

to the merits, grant the writ, and vacate both the Gag Order and the Preliminary Restraining Order's non-defamation provision.

Respectfully submitted,

By: */s/ Kevin S. Elliker*
Kevin S. Elliker
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8656
kelliker@hunton.com

*Court-appointed Counsel for Petitioner*
*Robert Paul Sharpe*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the portion of the brief subject to that rule is 1,588 words and therefore does not exceed the 13,000-word limit.

2.      This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Century Schoolbook typeface using Microsoft Word.

By: */s/ Kevin S. Elliker*
Kevin S. Elliker

## CERTIFICATE OF SERVICE

I certify that on May 27, 2024, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished through the CM/ECF system.

By: */s/ Kevin S. Elliker*
Kevin S. Elliker